### SMITH v. BALTIMORE & O. R. CO.
### No. 11703.

United States Court of Appeals
Sixth Circuit.

April 16, 1953.

Herbert & Dombey, Columbus, Ohio, for appellant.

Marshall & Smith, Dayton, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal from a directed verdict in favor of the defendant in an action brought by the administratrix of a deceased brakeman, who was killed while riding on an engine of the appellee railroad company as the result of a collision with a tractor-trailer at a grade crossing, has been duly considered upon the record and upon the briefs and oral arguments of the attorneys. The record fails to reveal any substantial evidence of proximate negligence on the part of the railroad company and there was, therefore, no substantial evidence on which the case should have been submitted to the jury upon the issue of negligence.

We find no abuse of discretion on the part of the district judge in refusing to permit appellant to file a second amended petition. We find, moreover, that the failure of the railroad company to equip the locomotive in question with a pilot had no remote connection with the accident resulting in the death of appellant's intestate. The railroad engine was demolished and numerous cars telescoped and piled up as the result of the collision. The equipment of the locomotive with a pilot could in no aspect have contributed to the prevention of the accident which resulted in the death of appellant's decedent. The doctrine *res ipsa loquitur* has no applicability to the facts of this case, for the

reason that the tractor-trailer which collided with the locomotive was not under the control of the appellee.

An examination of the record reveals that, in his elaborate opinion,[1] comprising 35 pages of the typewritten record, the experienced district judge made manifest his well grounded reasons for declining to submit the case to the jury and for granting a directed verdict.

In our opinion, his action was correct and, accordingly, the judgment is affirmed.